# United States District Court
## District of Maryland

| | |
|---|---|
| UNITED STATES OF AMERICA | **WARRANT FOR ARREST** |
| v. | 08-206-M-01 |
| CARLOS EDWIN MCGILL | Case No. WMN-90-0454 |

**FILED**

MAR 25 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

TO:   The United States Marshal and any
      Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest _____CARLOS EDWIN MCGILL_____
                                           *Name*

and bring him/her forthwith to the nearest magistrate judge to answer a(n)

☐ Indictment  ☐ Information  ☐ Complaint  ☐ Order of Court  ☐ Violation Notice  ☐ Probation Violation Petition

charging him or her with *(brief description of offense)*:




in violation of Title _____ United States Code, Section(s) _____

| | |
|---|---|
| Felicia C. Cannon | Clerk, U.S. District Court |
| Name of Issuing Officer | Title of Issuing Officer |
| /s/ MCJBoyle | March 13, 2008    Baltimore, MD |
| (By:) Deputy Clerk | Date and Location |

Bail fixed at $_____ by ____William M. Nickerson, U.S.D.J.____
                                       Name of Judicial Officer

### RETURN

This warrant was received and executed with the arrest of the above-named defendant at _____

| Date Received | Name and Title of Arresting Officer | Signature of Arresting Officer |
|---|---|---|
| 3-13-08 | D.L. Tollner | [signature] |
| Date of Arrest | DUSM | |
| 3-25-08 | | |

U.S. DISTRICT COURT (Rev. 12/1999) - Bench Warrant

# United States District Court
## for the
## DISTRICT OF MARYLAND

FILED
MAR 25 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ENTERED / RECEIVED _____, 2008
_____ COURT LAND DEPUTY

MAR 13 2008
AT BALTIMORE
CLERK U.S. DISTRICT
DISTRICT OF MARYLAND
BY _____

* Statutory maximum term of imprisonment upon revocation is 5 years pursuant to 18 U.S.C. § 3583(e)(3).

U.S.A. vs. Carlos Edwin McGill

Petition on Supervised Release

Docket No.: 1:90CR00454

WMN
08-206-M-01

COMES NOW **Sharnell M. Howell** PROBATION OFFICER OF THE COURT presenting an official report upon the conduct and attitude of **Carlos Edwin McGill** who was placed on supervision for **Possession with Intent to Distribute, a Class A felony***, by the Honorable **William M. Nickerson**, Senior U.S. District Judge, sitting in the court at **Baltimore, Maryland**, on the 13th day of November, 1992 who fixed the period of supervision at **5 year(s) ***, and imposed the general terms and conditions theretofore adopted by the court and also imposed additional conditions and terms as follows:

** Committed to custody of Bureau of Prisons for 235 months, followed by supervised release for a term of 5 year(s)

1. The defendant shall not possess a firearm or destructive device.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

(Is short insert here, if lengthy write on separate sheet and attach)

Continues on following page

WHEREAS: On November 29, 2007, Mr. McGill was arrested by the Metropolitan Police Department for Possession with Intent to Distribute. *In violation of Standard Condition #11 which states that the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer; Standard Condition #12 which states that the defendant shall notify the probation officer within 72 hours of being charged with any offense, including a traffic offense; the Statutory Condition which states that the defendant shall not commit any federal, state or local crime; and the Statutory Condition which states that the defendant shall not illegally possess a controlled substance.*

PRAYING THAT THE COURT WILL ORDER a warrant be issued for the arrest of Carlos Edwin McGill for alleged violations of probation or term of supervised release.

ORDER OF COURT
Considered and ordered as prayed this 12th day of March, 2008 and ordered filed and made a part of the records in the above case

_____
U.S. District Judge

I declare under penalty of perjury that the foregoing is true and correct,

_____
Sharnell M. Howell, U.S. Probation Officer

Date   March 6, 2008

Reviewed and Approved By:

_____
Dawn M Clark, Supervisory U.S. Probation Officer

Place Greenbelt, Maryland

**U.S. Probation and Pretrial Services**

# MEMORANDUM

**0 8 - 2 0 6 - M - 0 1**

RECEIVED IN THE CHAMBERS OF
WILLIAM M. NICKERSON

MAR 1 2 2008

UNITED STATES DISTRICT COURT

DATE:     March 6, 2008

TO:       Chambers Assignment
          U.S. District Judge

FROM:     Sharnell Howell
          U.S. Probation Officer

RE:       MCGILL, Carlos Edwin
          Docket No.: 1:90CR00454
          Exp. Date: 11/07/2010

SUBJ:     <u>Notice of Violation - Warrant Requested</u>

**Sentencing Information:**
On November 13, 1992, Carlos Edwin McGill appeared before Your Honor for sentencing subsequent to conviction for the offense of Possession with Intent to Distribute. He was sentenced to the Custody of the Attorney General for a period of 235 months, with 5 year(s) Supervised Release to follow, with the following condition imposed: 1) The defendant shall not possess a firearm or destructive device.

Supervision began on November 8, 2005

**Adjustment to Supervision/Violations Alleged:**
Mr. McGill's adjustment to supervision has been marginal prior to this new arrest. On November 29, 2007, Mr. McGill was arrested in the District of Columbia for Possession with Intent to Distribute Cocaine while being on supervised release.

Based on the above, this officer alleges the following violations of supervision:

1. On November 29, 2007, Mr. McGill was arrested by the Metropolitan Police Department for Possession with Intent to Distribute. He was released on November 30, 2007 on personal recognizance and instructed to return on January 3, 2008 for a preliminary hearing. His trial date has been set for April 8, 2008 before Judge Hiram E Puig-Lugo in Superior Court of the District of Columbia.

   In violation of Standard Condition #11 which states that the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer; Standard Condition #12 which states that the defendant shall notify the probation officer within 72 hours of being charged with any offense, including a traffic offense; the

MCGILL, Carlos Edwi
Violation Report
Page 2

Statutory Condition which states that the defendant shall not commit any federal, state or local crime; and the Statutory Condition which states that the defendant shall not illegally possess a controlled substance

**Recommendation:**
Based on the violations stated above, this officer respectfully recommends a warrant be issued for the arrest of Carlos Edwin McGill for alleged violations of probation or term of supervised release.

I have attached a Form 12 for the Court to execute, should Your Honor concur.

The U.S. Sentencing Commission has issued policy statements effective November 1, 1990, for violation of probation and supervised release. The policy statements are contained in a revised Chapter Seven of the updated Guidelines Manual that incorporated amendments effective November 1, 1991, et. Seq. Additionally, 18 U.S.C. 3553©) requires the Court to state the reasons for its imposition of a particular revocation sentence. Effective September 13, 1994, the Court is required to consider the applicable guidelines or policy statements issued by the Sentencing Commission in the case of a violation of probation or supervised release - 18 U.S.C. 3553 (a)(4)(B). We are attaching a Violation Worksheet.

A term of Supervised Release cannot be again imposed after the original term has been revoked (U.S. v. Cooper - 4th Circuit 1992 case). The Court has two incarceration options: 1) Chapter 7 worksheet range; 2) Statutory Max: 5 years (Class A Felony), 3 years (Class B Felony), two years (Class C or D Felony) or one year (any other case).

When a violation of probation or supervised release is based on Possession of a Controlled Substance, Possession of a Firearm, or refusal of required drug testing, revocation is mandated and a term of imprisonment must be imposed. The "not less than one-third" language has been deleted. It should be noted that a refusal of required drug testing violation can only mean mandated revocation for these cases where the original offense occurred on or after September 13, 1994.

Should Your Honor have any questions or concerns, this officer is available at (301) 344-3883

Mr. McGill's last known address is

Mr. McGill was represented at sentencing by William Purpura,

The Government was represented at sentencing by John Geise,

Attachment

Prepared by US___/ Sharnell Howell

08-206-M-01

## VIOLATION WORKSHEET

1. Defendant: Carlos Edwin McGill

2. Docket Number (Year-Sequence-Defendant No.): 1:90CR00454

3. District/Office: District of Maryland

4. Original Sentence Date: 11/13/1992

   (If different than above):
5. Original District/Office: _____

6. Original Docket Number (Year-Sequence-Defendant No.): _____

7. List each violation and determine the applicable grade (see §7B1.1)

| Violation(s) | Grade |
|---|---|
| • Was arrested by the Metropolitan Police Department for Possession with Intent to Distribute. | A |
| • _____ | ____ |
| • _____ | ____ |

8. Most Serious Grade of Violation (see §7B1.1(b))    A

9. Criminal History Category (see §7B1.4(a))    I

10. Range of Imprisonment (see §7B1.4(a))    24-30

11. Sentencing Options for Grade B and C Violations Only (Check the appropriate box)

    (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

    (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

    (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available

Defendant: McGill, Car _ Edwin

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with sentence which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

    Restitution($)_____          Community Confinement_____

    Fine($) _____            Home Detention_____

    Other _____             Intermittent Confinement_____

13. **Supervised Release**

    If supervised release is revoked and the term of imprisonment is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(3) and §7B1.3(g)(2)).

    Period of supervised release to be served following release from imprisonment:
    Five years less any term imposed upon revocation.

14. **Departure**

    List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

    _____

15. **Official Detention Adjustment** (see §7B1.3(e)):  __ months  __ days